**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. CR-08-25-FHS |
| | ) |
| DANUEL JUNIOR DYER, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

On October 27, 2009, this matter came on for hearing on Defendant Danuel Junior Dyer's Motion to Withdraw Plea Agreement (Doc. No. 549). Defendant contends he should be allowed to withdraw his plea of guilty because (1) at the time of the plea he had not been taking his anti-depressant medication and (2) he was put under a great deal of pressure by his attorney to agree to charges that he didn't commit. Having considered the statements, arguments, and materials submitted at the hearing, as well as the parties' written submissions, the Court finds Defendant's request to withdraw his guilty plea should be denied.

Given the Court's acceptance of Defendant's plea of guilty on August 29, 2008, Defendant's request is governed by Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, which provides that a defendant may withdraw a plea of guilty after the Court accepts the plea, but before sentencing, if Defendant can show "a fair and just reason for requesting the withdrawal." When analyzing such a request, the Court references seven factors. See United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir.)(en banc), cert. denied, 546 U.S. 921 (2005). In this case, the seven factors

1

weigh against the Defendant's withdrawal of his plea.

1.   *Whether the defendant has asserted his innocence.*
Notwithstanding the factual recitation of his plea colloquy before the Magistrate Judge that "during the time of 2005, [Defendant] conspired to possess with intent to distribute methamphetamines in excess of 50 grams, along with other individuals, while in McIntosh County, Oklahoma . . . knowing the same to be illegal," Defendant contends in his motion that he was put under a great deal of pressure to agree to charges he didn't commit.  At the hearing, Defendant reiterated his assertion of innocence to the crime of conspiracy to possess with intent to distribute methamphetamine. Thus, Defendant does claim to be innocent and this factor weighs in favor of allowing withdrawal.

2.   *Whether withdrawal would prejudice the government.*  The government would clearly be prejudiced in this case due to the fact that the withdrawal of the plea would require the government to try a case it substantially completed against Defendant more than one year ago when Defendant entered his guilty plea.  Witness issues would exist regarding securing the testimony of cooperating co-defendants and, also, the location of lay witnesses after more than one year of relative inactivity in the case.  This factor weighs against withdrawal.

3. *Whether Defendant delayed in filing his motion to withdraw, and if so, the reason for the delay.*  Defendant entered his plea on August 29, 2008.  Thirteen months later, after the case had been set and reset numerous times for sentencing, Defendant files his motion to withdraw on September 29, 2009.  No reason for this lengthy delay is offered.  This factor weighs against withdrawal.

2

4. *Whether withdrawal would substantially inconvenience the Court*. The Court would have to set aside one week for the trial of this matter. This matter could not be set for trial immediately as newly appointed counsel[1] would need a reasonable period of time to prepare the case. This is an inconvenience to the Court as far as scheduling, but not one which is substantial. This factor does not weigh one direction or the other in the analysis.

5. *Whether close assistance of counsel was available to the Defendant.* The record reflects that Defendant had the close assistance of counsel before opting to plead guilty in this case. While the Court recognizes Defendant's contention that counsel pressured him to plead guilty, the Court finds no evidence in the record to support this contention and, moreover, the record establishes that during the plea colloquy Defendant stated he was not forced or threatened in any way or promised anything by any person to plead guilty and that he was satisfied with the services of his counsel and that counsel had done all that he could do as counsel to assist him. This factor weighs against withdrawal.

6. *Whether the plea was knowing and voluntary.* Again, during the plea colloquy Defendant acknowledged that he was not forced or threatened to plead guilty. The Magistrate Judge carefully questioned Defendant about the plea charge, the terms of punishment, the terms of the proposed plea bargain, and the rights Defendant would be giving up if he pled guilty. With respect to the medications (anti-depressants) Defendant contends he was not

---

[1] At the conclusion of the hearing, the Court released Defendant's counsel, Rex Earl Starr, from any further responsibilities in this matter given the accusations made by Defendant against Mr. Starr with respect to his representation of Defendant. The Court further directed the Federal Public Defender to secure the appointment of new counsel for Defendant.

taking at the time of his plea, the record establishes that the Magistrate Judge questioned Defendant about not taking medications since his time in jail and Defendant stated that he was not affected in his ability to think and that he understood what was going on. Defendant felt his mind was free and clear at the time of the plea. This factor weighs heavily against withdrawal.

7. *Whether the withdrawal would waste judicial resources.* This factor is somewhat akin to the "inconvenience to the court" factor and is likewise one which does not weigh one direction or other in the analysis.

The majority of the factors weigh against withdrawal. The Court therefore finds that there is no fair and just reason supporting Defendant's request. Consequently, Defendant's Motion to Withdraw Plea Agreement (Doc. No. 549) is denied.

It is so ordered this 27th day of October, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma